UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

TREY SCOTT WESTON,

        Plaintiff,

v.

UNKNOWN TIKKANEN et al.,

        Defendants.
_____/

Case No. 2:25-cv-56

Honorable Ray Kent

## ORDER TO FILE AMENDED COMPLAINT

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff Trey Scott Weston is currently incarcerated at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. The events about which he complains, however, occurred at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues the following MBP correctional officers in their official capacities only: Unknown Tikkanen, Unknown Schroderus, Unknown Kessler, Unknown Hacker, and Unknown VanAcker.

Plaintiff's complaint, as pled, suffers from two defects. First, although Plaintiff has sued the five above-named Defendants, he only mentions Defendant VanAcker in the body of his complaint. The court notes that a "pleading that states a claim for relief must contain," among other things, "*a short and plain statement* of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–61 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190

(6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights). Here, although Plaintiff has named Corrections Officers Tikkanen, Schroderus, Kessler, and Hacker as Defendants, he fails to allege any facts setting forth their personal involvement in the alleged violations of his constitutional rights.

Furthermore, Plaintiff has sued Defendants in their official capacities only. As relief, Plaintiff seeks $500,000.00 in damages. (Compl., ECF No. 1, PageID.4.) A suit against an individual in his or her official capacity is equivalent to a suit against the governmental entity; in this case, the MDOC. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). Official capacity defendants are absolutely immune from monetary damages. *See Will*, 491 U.S. at 71; *Turker v. Ohio Dep't of Rehab. & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998). Plaintiff, therefore, cannot maintain his official capacity claims against Defendants.

Nevertheless, the Court will grant *pro se* Plaintiff leave to file an amended complaint to correct the noted deficiencies. *See, e.g.*, *Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4–5 (6th Cir. Apr. 1, 2024) (suggesting that *pro se* plaintiffs should be permitted leave to amend in the interest of justice given the "highly technical nature of pleading official and personal capacity claims"). The Court directs the Clerk to send Plaintiff (i) a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody and (ii) a courtesy copy of his original complaint (ECF No. 1).

Plaintiff shall submit an amended complaint by filing his amended complaint on the requisite form within twenty-one (21) days from the date of entry of this Order. The amended complaint will take the place of the original complaint, so it must include all Defendant(s) that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. Plaintiff must allege, in

chronological order, what each Defendant did or did not do on each date. Additionally, the case number shown above must appear on the front page of the amended complaint. Plaintiff is advised that he may attach additional sheets of paper to his amended complaint if he requires more room to set forth his factual allegations.

If Plaintiff fails to submit an amended complaint that complies with this order, the Court may dismiss this action without prejudice. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED**.


Dated:   April 17, 2025                                /s/ Ray Kent
                                                              Ray Kent
                                                              United States Magistrate Judge